| STATE OF INDIANA | ) | IN THE ST. JOSEPH _____ COURT |
| | )ss: | |
| COUNTY OF ST. JOSEPH | ) | CAUSE NO.71D05-2206-MF-000221 |

WILMINGTON SAVINGS FUND SOCIETY,  )
FSB, NOT IN ITS INDIVIDUAL CAPACITY  )
BUT SOLELY AS CERTIFICATE TRUSTEE  )
OF BOSCO CREDIT II  )
TRUST SERIES 2010-1,  )
                     )

     Plaintiff,  )
                     )

vs.  )
                     )

CANDACE WILBURN  )
                     )

THE BANK OF NEW YORK MELLON  )
FKA THE BANK OF NEW YORK,  )
AS TRUSTEE FOR THE CERTIFICATE  )
HOLDERS OF THE CWABS, INC.,  )
ASSET BACKED CERTIFICATES  )
SERIES 2006-20  )
                     )

UNKNOWN OCCUPANT(S)  )
                     )

     Defendants.  )

## COMPLAINT ON NOTE AND FOR FORECLOSURE ON SECOND MORTGAGE

COMES NOW Plaintiff, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee of Bosco Credit II Trust Series 2010-1 hereinafter referred to as "Plaintiff" and for its cause of action against the Defendants, and each of them, alleges and says that:

1. On September 6, 2006, the Defendant, Candace Wilburn, for value received, executed and delivered a Note ("Note") in the original principal sum of $17,380.00, wherein Investaid Corporation is named as the payee. A copy of said Note is attached hereto, with loan number redacted, if applicable, incorporated herein, and marked as Exhibit "A".

2. Contemporaneously with the execution of the Note, and to secure the payment of the Note, Defendant Candace Wilburn, executed a Mortgage ("Mortgage") on the real estate, fixtures, and improvements located thereon, as is more particularly described in the Mortgage and commonly referred to as 1213 S. 31st St. South Bend, IN 46615 (hereinafter referred to as "real estate"). A copy of said Mortgage is attached hereto, with loan number redacted, if

applicable, incorporated herein, and marked as Exhibit "B". The legal description of the real estate is as follows:

> LOT NUMBERED THREE HUNDRED FIFTY-THREE (352) AS SHOWN ON
> THE RECORDED PLAT OF SUBDIVISION OF LOT "A" IN FORDHAM, NOW
> WITHIN AND A PART OF THE CITY OF SOUTH BEND, RECORDED APRIL 6,
> 1903 IN PLAT BOOK PAGE 108 IN THE OFFICE OF THE RECORDER OF ST.
> JOSEPH COUNTY, INDIANA.

3. The Mortgage was duly recorded on September 12, 2006, as Instrument No. 0639456, in the Office of the Recorder of St. Joseph County, Indiana.

4. Investaid Corporation assigned its interest in the Mortgage to Plaintiff, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee of Bosco Credit II Trust Series 2010-1 by Assignment of Mortgage dated June 23, 2022 and recorded as Instrument No.2022-18510 in the Office of the Recorder of St. Joseph County, Indiana. A copy of said Assignment is attached hereto, with loan numbers redacted, if applicable, incorporated herein, and marked as Exhibit "C".

5. Plaintiff is a "person entitled to enforce" the Note under IC 26-1-3.1-301(1).

6. A copy of the pre-suit notice pursuant to I.C. § 32-30-10.5-8(a) sent to Candace Wilburn is attached hereto, incorporated herein and marked as Exhibit "D".

7. The Notice required by I.C. § 32-30-10.5-8(c) is included on the summons issues to the "debtor" in conjunction with the complaint.

8. Defendant has failed to make the payments according to the terms of the Note and Mortgage and is currently due for the October 1, 2011, payment. By reason of said default, Plaintiff exercised its option under the Note and Mortgage to declare the whole indebtedness due and payable. Notice of acceleration was given to the Defendant Candace Wilburn and any and all conditions precedent have been performed in accordance with the terms of the Note and Mortgage.

9. By reason of said default, the outstanding unpaid principal balance of $17,049.19 which continues to accrue interest pursuant to the terms of the Note until paid, together with all

late charges, expenses, advances and any other amounts due and owing under the Note and Mortgage, has been accelerated and declared to be, and hereby is declared to be, immediately due and payable.

10. The Note and Mortgage provide that Plaintiff shall be entitled to collect all expenses incurred in pursuing its remedies as provided therein, including reasonable attorneys' fees and costs. Plaintiff has incurred attorneys' fees and costs, and may incur additional attorneys' fees and costs relating to this case.

11. Plaintiff is further entitled to recover other default related expenses, costs and advances, pursuant to the terms of the Note and Mortgage, including those made prior hereto and those made hereafter, and including without limitation, any advances for real estate taxes and insurance and other expenditures necessary to preserve and maintain its collateral.

12. A dwelling house is located on the above described Real Estate and the Real Estate is not susceptible to partition or division without damage to the whole of the Real Estate and the owners thereof and this Plaintiff.

13. The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset Backed Certificates Series 2006-20 is made a party to this action to answer as to any interest it may have in the Real Estate, including, but not limited to, a certain Mortgage against Candace Wilburn in the amount of $69,520.00, recorded on September 12, 2006 as Instrument No. 1208944 Said Defendant is required to assert its interest herein or be barred forever.

14. Unknown Occupant(s) is made a party to this action to answer as to any interest it may have in the Real Estate. Said Defendant is required to assert its interest herein or be barred forever.

15. Plaintiff's Mortgage is superior to all claims, liens, or interests asserted against the Real Estate except The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset Backed Certificates Series 2006-20 by any of the Defendants herein and each of them; all such claims are junior, inferior and subordinate to the

Mortgage held by the Plaintiff which Mortgage Plaintiff requests be foreclosed and the Real Estate be sold in accordance with law.

16.     Plaintiff is entitled to a Decree of Foreclosure pursuant to Indiana Code Section 32-30-10-3 and the terms of the mortgage.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Declare Plaintiff's Mortgage to be a valid, first and subsisting lien on the Real Estate, superior to all claims, liens or interests of The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset Backed Certificates Series 2006-20.

B.     Enter a Personal judgment in favor of Plaintiff and against the Defendant, Candace Wilburn, in the sum of the outstanding principal balance of $17,049.19 together with interest from and after the date of default at the rate provided in the Note which continues to accrue late charges, reasonable attorneys' fees and costs, other default-related expenses, costs and advances which are recoverable pursuant to the terms of the Note and Mortgage, including those made or incurred prior hereto and those made or incurred hereafter, and including without limitation, any advances for real estate taxes and insurance and other expenditures necessary to preserve and maintain its collateral.

C.     Enter an Order foreclosing the Second Mortgage of Plaintiff on the Real Estate and foreclosing and barring the Defendants' equity of redemption and interest in the Real Estate, after expiration of the redemption period.

D.     Enter an Order directing the sale of the Real Estate in order to pay the judgment of Plaintiff, at such sale the Plaintiff will be empowered to bid for the Real Estate or any part thereof with the indebtedness due to it pursuant to this judgment, said indebtedness to be credited to the bid of Plaintiff;

E.     Enter an Order that upon the expiration of the statutory period of redemption and the execution by the Sheriff, of the conveyance of the Real Estate sold hereunder, the Defendants in this action who may be in possession of the Real Estate, or any part thereof, shall, upon

demand exhibition of such deed, or a copy thereof, forthwith surrender to the holder of said deed the full and peaceful possession of said Real Estate;

F.    Enter an Order providing that if the Defendants, or any of them, who may be in Possession of the Real Estate or any part thereof, and any person who, since the commencement of this action, shall have come into the possession of said Real Estate, or any part thereof, under the Defendants, and detains the same, against the party holding the Sheriff's Deed, and directing the Sheriff, to put the party holding such deed, or his assignees, in the full, peaceful and quiet possession of the Real Estate without delay; and

G.    For all other relief just and proper in the premises.

Respectfully Submitted,

SOTTILE & BARILE

By: Dennis V. Ferguson
Dennis V. Ferguson (8474-49)
Attorney for Plaintiff
Sottile & Barile, LLC
7530 Lucerne Drive
Suite 210
Middleburg Heights, OH 44130
Voice: (440) 572-1511
Email: foreclosure@sottileandbarile.com

"NOTICE REQUIRED BY STATE LAW"

(I.C. 32-30-10.5 Version b)

Mortgage foreclosure is a complex process. People may approach you about "saving" your home. You should be careful about any such promises. There are government agencies and nonprofit organizations you may contact for helpful information about the foreclosure process. For the name and telephone number of an organization near you, please call Indiana Housing and Community Development Authority.


PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT SOTTILE AND BARILE IS DEEMED TO BE A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT A

## NOTE

THIS NOTE IS A CONTRACT FOR A SHORT-TERM LOAN. THIS LOAN IS PAYABLE IN FULL AT MATURITY. SINCE YOU HAVE SELECTED A PAYMENT SCHEDULE WHICH WILL NOT PAY THE LOAN IN FULL BY THE MATURITY DATE, YOU WILL NEED TO PAY A LUMP SUM, OR BALLOON PAYMENT, WHICH WILL PAY OFF THE ENTIRE AMOUNT OF THE PRINCIPAL BALANCE OF THE LOAN AND ANY UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOUR INTEREST RATE AND TERMS WILL BE AT THE PREVAILING INTEREST RATE, WHICH MAY BE CONSIDERABLY HIGHER THAN THE INTEREST RATE ON THIS LOAN. YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

| SEPTEMBER 6, 2006 | South Bend | , | INDIANA |
|---|---|---|---|
| Date | City | | State |

1213 S. 31ST ST., South Bend, Indiana 46615

| Property Address | City | State | Zip Code |
|---|---|---|---|

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 17,380.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is INVESTAID CORPORATION, A MICHIGAN CORPORATION .
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2. INTEREST

I will pay interest at a yearly rate of 13.990 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ 205.79
I will make my payments on the 1st day of each month beginning on NOVEMBER 1, 2006 . I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on OCTOBER 1, 2021 , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at 24400 NORTHWESTERN HWY STE. 200, SOUTHFIELD, MICHIGAN 48075

or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any of my monthly payments by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment, but not less than U.S. $ N/A and not more than U.S. $ 17.00 . I will pay this late charge only once on any late payment.

(B) Notice From Note Holder

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

(C) Default

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5. THIS NOTE SECURED BY A MORTGAGE

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated SEPTEMBER 6, 2005                , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.    ** See attached
                                                                   Prepayment Note Addendum.

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

_____ (Seal)          _____ (Seal)
CANDACE WILBURN          -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                          -Borrower

# EXHIBIT B

RECORDED AS PRESENTED ON

09/12/2006   11:05:58AM

TERRI J. RETHLAKE
ST. JOSEPH COUNTY
RECORDER

REG FEE:        $36.00
PAGES:   12

After Recording Return To:
INVESTAID CORPORATION
24315 NORTHWESTERN HWY STE. 100
SOUTHFIELD, MICHIGAN 48075
Loan Number: 060837459

———————————— [Space Above This Line For Recording Data] ————————————

# MORTGAGE

THIS MORTGAGE is made this 6th day of SEPTEMBER 2006                   , between the
Mortgagor, CANDACE WILBURN A SINGLE WOMAN

(herein "Borrower"),

and the Mortgagee, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as
hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
INVESTAID CORPORATION, A MICHIGAN CORPORATION
is organized and existing under the laws of MICHIGAN                          and has an address of
24315 NORTHWESTERN HWY STE. 100, SOUTHFIELD, MICHIGAN 48075

(herein "Lender"),

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 17,380.00          which
indebtedness is evidenced by Borrower's note dated SEPTEMBER 6, 2006          . and extensions and
renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of
the indebtedness, if not sooner paid, due and payable on OCTOBER 1, 2021          .
TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon;
the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of
this Mortgage; and the performance of the covenants and agreements of Borrower herein contained. Borrower
does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors
and assigns) and to the successors and assigns of MERS the following described property located in the County of
St Joseph                          , State of Indiana:

INDIANA - SECOND MORTGAGE - 1/80
3815 - AS AMENDED FOR MERS                    Page 1 of 7                    DocMagic ☎800-649-1362
                                                                            www.docmagic.com



LOT NUMBERED THREE HUNDRED FIFTY-THREE (353) AS SHOWN ON THE RECORDED PLAT OF SUBDIVISION OF LOT "A" IN FORDHAM, NOW WITHIN AND A PART OF THE CITY OF SOUTH BEND, RECORDED APRIL 6, 1903 IN PLAT BOOK PAGE 108 IN THE OFFICE OF THE RECORDER OF ST. JOSEPH COUNTY, INDIANA.
A.P.N.: 18-6051-1698

THIS SECURITY INSTRUMENT IS SUBORDINATE TO AN EXISTING FIRST LIEN(S) OF RECORD.

which has the address of 1213 S. 31ST ST.

|            |          | [Street]   |                              |
| South Bend | , Indiana | 46615      | (herein "Property Address"); |
| [City]     |          | [Zip Code] |                              |

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to; releasing or cancelling this Mortgage.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay

INDIANA - SECOND MORTGAGE - 1/80
3815 - AS AMENDED FOR MERS                    Page 2 of 7                    DocMagic eForms 800-649-1362
www.docmagic.com

said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments. Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. Protection of Lender's Security. If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8.  Inspection. Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9.  Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10.  Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11.  Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12.  Notice. Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13.  Governing Law; Severability. The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14.  Borrower's Copy. Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15.  Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16.  Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all

INDIANA - SECOND MORTGAGE - 1/80
3815 - AS AMENDED FOR MERS                                    Page 4 of 7                        DocMagic *eForms* 800-649-1362
                                                                                                                www.docmagic.com



sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, and costs of documentary evidence, abstracts and title reports.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgement enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage; and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled, to the extent provided by applicable law, to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collections of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower.

21. **Waiver of Valuation and Appraisement.** Borrower hereby waives all right of valuation and appraisement.

22. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☒ Balloon Rider | ☐ Planned Unit Development Rider | ☒ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | PREPAYMENT RIDER TO SECURITY INST |

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed and acknowledges receipt of pages 1 through 6 of this Mortgage.

_____ (Seal)
CANDACE WILBURN          -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

Witness:

Witness:

_____

_____

INDIANA - SECOND MORTGAGE - 1/80
3815 - AS AMENDED FOR MERS          Page 6 of 7          DocMagic eForms 800-649-1362
www.docmagic.com

State of Indiana

County of                       SS:

    Before me the undersigned, a Notary Public for                               County, State of Indiana,
personally appeared CANDACE WILBURN

the execution of this instrument this ___ day of _September_     and acknowledged · 2006

_____
Notary Signature

JUDITH A. NAGY
St. Joseph County
My Commission Expires
November 21, 2008

Judith A. Nagy
Printed/Typed Name                       Notary Public

My commission expires: 11-21-06

(Seal)                               County of residence: St Joseph

This instrument was prepared by: SUZANNE MONTGOMERY

I affirm, under the penalties for perjury, that I have taken reasonable care to redact each Social Security number in this document, unless required by law.

Judith A. Nagy
Signature of Preparer

INDIANA - SECOND MORTGAGE - 1/80
3815 - AS AMENDED FOR MERS               Page 7 of 7                   DocMagic *eForms* 800-649-1362
www.docmagic.com

# EXHIBIT C

USDC IN/ND case 3:23-cv-00271-DRL-MGG    document 2    filed 06/24/22    page 20 of 21

**2022-18510**
RECORDED AS PRESENTED ON
06/23/2022 09:48 AM
MARY BETH WISNIEWSKI
ST. JOSEPH COUNTY
RECORDER
PGS: 2 FEES: 25.00

### ASSIGNMENT OF MORTGAGE

**Mortgage Electronic Registration Systems, Inc., as nominee for Investaid Corporation,** 24315 Northwestern HWY Ste. 100, Southfield, MI 48075 hereby assigns and transfers to **Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Certificate Trustee of Bosco Credit II Trust Series 2010-1** 101 Hudson St. FL24 Jersey City, New Jersey 07849, all its right, title and interest in and to a certain note and mortgage executed by Candace Wilburn to **Mortgage Electronic Registration Systems, Inc., as nominee for Investaid Corporation** in the amount of $17,380.00 and recorded on September 12, 2006 in the office of the recorder of St. Joseph County, Indiana as Instrument 0639456. Encumbering the following described property:

Property:   1213 S. 31st St., South Bend, IN 46615
Parcel:     71-09-17-252-026.000-026
Legal:      LOT NUMBERED THREE HUNDRED FIFTY-THREE (353) AS SHOWN ON THE RECORDED PLAT OF SUBDIVISION OF LOT "A" IN FORDHAM, NOW WITHIN AND A PART OF THE CITY OF SOUTH BEND, RECORDED APRIL 6, 1903 IN PLAT BOOK 8, PAGE 109 IN THE OFFICE OF THE RECORDER OF ST. JOSEPH COUNTY, INDIANA

Executed this 16 day of June                , 20 22 by the undersigned Assignor.

Mortgage Electronic Registration Systems, Inc., as nominee for Investaid Corporation

By:.

David Behler
(print name)

Its: Assistant Secretary

2022-18510

STATE OF ~~INDIANA~~ *New Jersey*

SS:

COUNTY OF ~~ST. JOSEPH~~ *Hudson*

Before me, a notary public in and for said county and state, personally appeared the above-named **Mortgage Electronic Registration Systems, Inc., as nominee for Investaid Corporation**, by *David Bechter*, its *assistant secretary*, who acknowledged that he/she did sign the foregoing instrument on behalf of said **Mortgage Electronic Registration Systems, Inc., as nominee for Investaid Corporation** and that the same is his/her free act and deed individually and as such officer.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal this *17* day of ___*June*___ , 20*22*.

*Randy Londono*
NOTARY PUBLIC

_____
PRINT NAME

This document was prepared by:
Dennis V. Ferguson (8474-49)
7530 Lucerne Dr., Ste 210
Middleburg Heights, OH 44130

RANDY S. LONDONO
Commission # 50166638
Notary Public, State of New Jersey
My Commission Expires April 6, 20__